UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ROSEMARIE A. DOW,<br><br>Plaintiff,<br><br>v.<br><br>HC2, INC., dba HIRE COUNSEL, and<br><br>PAE LABAT-ANDERSON, LLC,<br><br>Defendants. | Civil Action No. 21-1197 (JDB) |

### MEMORANDUM OPINION AND ORDER

Rosemarie Dow, an attorney admitted to the D.C. Bar, together with four other plaintiffs, filed a qui tam action against two Department of Justice contractors, alleging violations of the False Claims Act, 31 U.S.C. §§ 3729 et seq. Compl. [ECF No. 3]. Last Spring, the United States notified the Court that it would not intervene in the action. Notice of Nonintervention [ECF No. 22]. Plaintiffs' counsel subsequently withdrew, and four of the five relators dismissed their claims. Mot. to Withdraw and Pls.' Mot. to Dismiss [ECF No. 25]. Dow elected to proceed, and on August, 11, 2025, filed a notice of appearance on her own behalf. Notice of Appearance [ECF No. 28]. She also filed motions to unseal the record, and for a CM/ECF password. Mot. to Unseal [ECF No. 29]; Mot. for CM/ECF Password [ECF No. 31].

Concerned that Dow's self-representation contravened this circuit's rule against relators proceeding pro se in qui tam actions, see United States ex rel. Feliciano v. Ardoin, 127 F.4th 382, 383–84 (D.C. Cir.), cert. denied, 145 S. Ct. 2799 (2025), this Court ordered Dow to show cause why she could represent herself and the United States. O.S.C. [ECF No. 32]. It further ordered the government and any properly-served defendant to respond to Dow's brief. Id. Dow, the

1

Government, and HC2, Inc. have now responded, and the issue is ripe for resolution. See Pl.'s Resp. [ECF No. 34]; Gov't Resp. [ECF No. 41]; HC2 Resp. [ECF No. 43] [1].

## LEGAL STANDARD

"[A] False Claims Act relator pursues the government's claims rather than the relator's own . . . ." Ardoin, 127 F.4th at 383. To ensure that the United States's interests are adequately represented, "the relator in a False Claims Act action needs qualified legal counsel . . . ." Id. (citation modified). "[T]his rule precludes relators from proceeding pro se" in this circuit and in every circuit to consider the question. Id. at 383–84; see also Wojcicki v. SCANA/SCE&G, 947 F.3d 240 (4th Cir. 2020); United States ex rel. Brooks v. Ormsby, 869 F.3d 356 (5th Cir. 2017); United States ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 92–94 (2d Cir. 2008); Timson v. Sampson, 518 F.3d 870, 872–74 (11th Cir. 2008); Stoner v. Santa Clara Cnty. Off. of Educ., 502 F.3d 1116, 1125–28 (9th Cir. 2007); United States ex rel. Lu v. Ou, 368 F.3d 773, 775–76 (7th Cir. 2004); United States v. Onan, 190 F.2d 1, 6 (8th Cir. 1951).

## ANALYSIS

Ardoin's command is clear: a relator in a False Claims Act case may not proceed pro se. 127 F.4th at 383. Dow nevertheless asks this Court to read an exception for pro se attorneys into the general rule against self-representation in False Claims Act actions. See Pl.'s Resp. at 2–3. She asserts that her legal experience and training mitigates concerns that she will not adequately represent the United States. Id.

The Court disagrees. As the Supreme Court observed in Kay v. Ehrler, "[e]ven a skilled lawyer who represents himself is at a disadvantage in contested litigation." 499 U.S. 432, 437 (1991). As a practical matter, pro se lawyers are likely to encounter ethical challenges when called

---

[1] HC2 disputes that it was properly served but submitted a response to avoid further delay. See HC2 Resp. at 1 n.1.

to appear as witnesses. Id. And more fundamentally, pro se attorneys are "deprived of the judgment of an independent third party" when "cross-examining hostile witnesses, formulating legal arguments, and . . . making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom." Id.

Dow insists that these concerns do not apply to her, as her prior counsel already formulated this suit's legal strategy, and she vows not to serve as a witness in the case. See Pl.'s Resp. at 5–7. But legal strategies shift during the life of a case and the United States is entitled to the independent judgment of counsel throughout—not just at conception. Furthermore, it appears unlikely that Dow could avoid serving as a witness in this suit because HC2 has represented that it will seek discovery from her. See HC2 Resp. at 6. So Dow's promise not to testify does little to mitigate the concern that conflicts intrinsic to her self-representation would deprive the United States of adequate counsel. This Court therefore concludes that Ardoin controls, and Dow may not proceed pro se. United States v. Torres, 115 F.3d 1033, 1036 (D.C. Cir. 1997) ("[D]istrict judges . . . are obligated to follow controlling circuit precedent . . . .").

In the alternative, Dow seeks to circumvent Ardoin's prohibition on relators proceeding pro se by restyling her self-representation. She states that she will represent herself and the United States not pro se but "pro bono." See Pl.'s Resp. at 1–2. The United States will thus have legal counsel, and Local Civil Rule 83.2(f) will exempt her from the obligation to obtain pro hac vice admission to the court. Id. at 2–3. There are at least three flaws in Dow's plan, all of them fatal.

First, and most importantly, a party representing themselves is, by definition, proceeding pro se. See Pro Se, Black's Law Dictionary (12th ed. 2024) (translating "pro se" as "[f]or oneself; on one's own behalf"). That the litigant is an attorney does not displace her pro se designation. See, e.g., Burka v. U.S. Dep't of Health & Hum. Servs., 142 F.3d 1286, 1291 (D.C. Cir. 1998) (finding

3

that where an attorney was "both claimant and counsel[,]" he "is, by definition, a pro se attorney-litigant," a status "not to be ignored"); Spence v. U.S. Dep't of Veterans Affs., 109 F.4th 531, 538 (D.C. Cir.), cert. denied, 145 S. Ct. 594 (2024) (explaining that "the typical leniency afforded pro se litigants does not necessarily follow for pro se lawyers"). Dow may not sidestep circuit law foreclosing pro se representation in False Claims Act cases by recharacterizing her self-representation as "pro bono."

Second, even if Dow could represent herself and the United States in a pro bono capacity, to practice before this Court, attorneys generally must be admitted to the court's bar or obtain leave to appear pro hac vice. D.D.C. Local Civ. R. 83.2. There is, however, a narrow exception for attorneys "in good standing of the District of Columbia Bar" in "case[s] handled without a fee on behalf of indigents . . . ." D.D.C. Local Civ. R. 83.2(f) (emphasis added). Dow wishes to invoke this exception because she is not admitted to this court's bar and has not sought pro hac vice admission. But the current lapse in appropriations notwithstanding, the Government is not an indigent, so Rule 83.2(f) would not encompass Dow's indirect representation of the United States.

Third, even if Local Rule 83.2(f) could apply to pro bono representation on behalf of the United States, Dow has not complied with Rule 83.2's procedural requirements. To represent indigents pursuant to Rule 83.2(f), an attorney must certify she is "personally familiar with the Local Rules of this court and, as appropriate, the other materials set forth in [Local Civil Rule] 83.8(b)." Dow has not done so.[2] Moreover, Rule 83.2(f) does not exempt pro bono counsel from complying with Rule 83.2(b), which governs an attorney's appearance as sole or lead counsel at trial or in a contested evidentiary hearing. That rule requires attorneys to "file with the Clerk's

---

[2] This is not a mere paper problem. Dow's prior litigation conduct and response to the Court's show cause order has prompted concern that Dow is not familiar enough with the court's local rules to adequately represent the United States. See Pl.'s Resp. at 2; Gov't Resp. at 3; HC2 Resp. at 2 n.2; Min. Order (Aug. 21, 2025).

4

Office a certificate, in a form prescribed by the Clerk," establishing that they have requisite experience or training to serve as sole or lead counsel in such proceedings. D.D.C. Local Civ. R. 83.2(b) (prescribing the experience or training required). Dow seeks to be sole counsel here but has not filed a Rule 83.2(b) certificate nor represented to the Court that she could meet the requirements of the rule. Dow has also not explained how, should a contested evidentiary hearing or trial on the merits occur, she would ensure that the United States had counsel.

## CONCLUSION

The D.C. Circuit's decision in <u>Ardoin</u> forecloses self-representation in False Claims Act actions. Dow's attempt to recharacterize her self-representation as "pro bono" cannot circumvent this general rule. Even if it could, Dow cannot proceed "pro bono" in this Court because she is not admitted to its bar, has not sought pro hac vice admission, and does not meet the exemption criteria of Local Rule 83.2(f).

The Court therefore finds that Rosemarie Dow may not represent herself or the United States in this case. Dow's motions to unseal the remainder of the docket and for a CM/ECF password are therefore denied as moot. Dow has 30 days to obtain new counsel. Should Dow elect not to do so, the Court will seek the government's consent to dismiss this suit. <u>See</u> 31 U.S.C. § 3730(b)(1); <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629 (1962); D.D.C. Local Civ. Rule 83.23.

\*   \*   \*

For these reasons, it is hereby

**ORDERED** that Dow's request to represent herself and the United States is **DENIED**; it is further

**ORDERED** that Dow's motions to unseal the record and for a CM/ECF password are **DENIED** as moot.

**SO ORDERED.**

5

/s/
JOHN D. BATES
United States District Judge

Dated: October 27, 2025