**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**UNITED STATES OF AMERICA ex rel.**
**ROSEMARIE A. DOW,**

    **Plaintiff,**

      **v.**

**HC2, INC., dba HIRE COUNSEL,**

**and**

**PAE LABAT-ANDERSON, LLC,**

    **Defendants.**

**Civil Action No. 21-1197 (JDB)**

---

**MEMORANDUM OPINION AND ORDER**

In the Spring of 2021, Dow brought suit on behalf of the United States against two litigation support service companies, alleging violations of the False Claims Act. Compl. [ECF No. 3]. The government investigated, and in March of 2025, declined to intervene. Gov't Notice of Nonintervention [ECF No. 22]. Dow's counsel withdrew shortly thereafter. Then, in the fall of 2025, the Court held that Dow could not proceed pro se, citing concerns about adequate representation of the United States. See Oct. 27, 2025, Mem. Op. & Ord. [ECF No. 45] at 3; see also United States ex rel. Feliciano v. Ardoin, 127 F.4th 382, 383–84 (D.C. Cir. 2025).

The Court gave Dow until November 26, 2025, to obtain new counsel, see Oct. 27, 2025, Mem. Op. & Ord. at 5, and subsequently extended that deadline until January 19, 2026, see Min. Ord. Dated December 5, 2025. On January 20, 2026, Dow again moved for an extension; this time, Defendant HC2, Inc. opposed the motion. Pl.'s Second Ext. Mot. [ECF No. 47]; Def.'s First Opp'n [ECF No. 49]. The Court again granted Dow's motion and extended the deadline to obtain counsel until February 27, 2026, but warned that barring extraordinary circumstances, no further

1

extensions would be granted.  See Min. Ord. Dated Jan. 23, 2026.  To date, Dow has not hired new counsel.

On February 27, 2026, Dow moved for a third extension of time to obtain counsel.  Pl.'s Third Ext. Mot. [ECF No. 50].  In support of her motion, Dow cites her continued efforts to find counsel, id. at 6–7, as well as her submission to the Judicial Council of this circuit seeking the undersigned's recusal, id. at 7–8.  Defendant HC2, Inc. again opposes the motion.  Def.'s Second Opp'n [ECF No. 51].

District courts possess inherent authority to manage their dockets "so as to achieve the orderly and expeditious disposition of cases."  Link v. Wabash R. Co., 370 U.S. 626, 630–631 (1962); see also Fed. R. Civ. P. 1.  Included in this authority is the power to set and enforce litigation deadlines.  See In re Fannie Mae Sec. Litig., 552 F.3d 814, 822 (D.C. Cir. 2009).  If a party requests the extension of a court ordered deadline "'before the original time or its extension expires,' then the court may extend the deadline 'for good cause.'"  Pinson v. U.S. Dep't of Just., Civ. A. No. 18-486 (RC), 2021 WL 3418954, at *6 (D.D.C. Aug. 5, 2021) (quoting Fed. R. Civ. P. 6(b)(1)(A)).  "What constitutes good cause necessarily varies with the circumstances of each case."  See Watt v. All Clear Bus. Sols., LLC, 840 F. Supp. 2d 324, 326 (D.D.C. 2012).  Here, the standard is high because Dow has already received four months to find new counsel, been granted two extensions of time, and been warned that barring extraordinary circumstances, no further extensions would be granted.

Neither of Dow's cited reasons for further extending her deadline to obtain counsel establish good cause in these circumstances.  First, Dow attests that she continues to search for a lawyer and has reached out to firms and public interest organizations she thinks might represent her.  Pl.'s Third Ext. Mot. at 6.  But all the firms she has reached out to have declined to represent

2

her and the public interest organizations have not responded. Id. Crucially, Dow provides no support for the proposition that the situation will materially change if the Court were to grant her a third extension.

Dow's Judicial Conduct and Disability (JC&D) submission does not supply good cause either. Parties may not leverage the JC&D process to prolong litigation through recusal demands that must be brought in the district court. Cf. Judicial Conduct and Disability Proceedings art. I § 3 (allegations "directly related to the merits of a decision or procedural ruling . . . including a failure to recuse, without more" are not cognizable under the JC&D Act); see also In re Complaint of Judicial Misconduct, No. DC-22-90037, at 3 (D.C. Cir. 2023). And in any event, Dow did not comply with the D.C. Circuit's page limit for submitting a Rule 6 complaint, see D.C. Circuit Resp. [ECF No. 50-1] at 32, so the Circuit will not respond to her submission unless the Chief Judge elects to rely on it to identify a complaint, see JC&D Rules 5, 8 & 11, and Dow has supplied no evidence that this is likely to occur.

In short, Dow has not shown the kind of extraordinary circumstances that would constitute good cause to grant her a third extension of time to obtain counsel. The Court further finds that Dow has failed to prosecute this suit by timely hiring counsel. As a result, dismissal could be appropriate. See Link, 370 U.S. at 629; D.D.C. Local Civil Rule 83.23; United States ex rel. Florence v. Envision Healthcare, Civ. A. No. 19-493, 2021 WL 6804139, at *1 (M.D. Tenn. May 18, 2021), report and recommendation adopted sub nom. United States v. Envision Healthcare & KKK & Co., Civ. A. No. 19-00493, 2021 WL 6804138 (M.D. Tenn. June 14, 2021) (denying FCA plaintiffs a third extension of time to find counsel and dismissing the case without prejudice); Keith v. Wis. Off. of Sec'y of State, No. 24-CV-1015-JPS, 2025 WL 69180, at *2 (E.D. Wis. Jan. 10,

2025) (dismissing FCA suit without prejudice following repeated and unheeded warnings to the plaintiff to find counsel).

Accordingly, it is hereby **ORDERED** that [50] Dow's motion for a third extension of time to obtain counsel is **DENIED**; it is further **ORDERED** that by not later than March 23, 2026, the Government shall file a position statement with the Court addressing whether it consents to dismissal of this suit. <u>See</u> 31 U.S.C. § 3730(b)(1).

  **SO ORDERED**.

/s/
_____
JOHN D. BATES
United States District Judge

Dated:  <u>March 9, 2026</u>